**CEDAR CREST # 10, INC., Appellant,**

v.

**CITY OF DALLAS, Appellee.**

**No. 11–87–112–CV.**

Court of Appeals of Texas, Eastland.

June 16, 1988.

Rehearing Denied June 16, 1988.

Michael E. Smoller, Dallas, for appellant.

Sally Jo Field, Asst. City Atty., Dallas, for appellee.

## OPINION

ARNOT, Justice.

Claiming an apartment building is a public nuisance, the City of Dallas seeks demolition of the building pursuant to DALLAS, TEX., REV.CITY CODE ch. 27 (1960). The owner, Cedar Crest # 10, Inc., appeals the trial court's finding that the building is a nuisance and its order for demolition, asserting (1) that Chapter 27 is unconstitutional, (2) there was no trial on the merits, and (3) that the City's action is barred by estoppel. We disagree. Because Chapter 27 provides for a judicial determination of the fact of nuisance, the judgment reflects a hearing on the merits was held, and estoppel does not apply, we affirm the judgment of the trial court.

There is no statement of facts in this case. From the record, we have ascertained the following information. Appellant is the owner of a vacant 26-unit apartment building located at 1168 Diceman Avenue, Dallas, Texas. At some time in the past, an arson attempt was made on the vacant building. The building is now secured and boarded up to prevent access by the public. On or about May 5, 1981, the City of Dallas, acting through its administrative agency, the Urban Rehabilitation Standards Board, notified the owner of a hearing to determine if the building was a public nuisance. The Board found the building to be a nuisance and ordered its abatement. Appellant appealed the Board's decision to the district court pursuant to the City Code sec. 27–9(e) which provides:

Once the decision of a hearing panel has become final under this section, Section 27.14, or 27–14.3, the person affected by an order may appeal the decision to the state district court. Appeal to the district court must be filed within 20 days from the date of receipt of notice of an order of demolition given by the administrator under Section 27–13(f). *Appeal in the district court shall be limited to a hearing under the substantial evidence rule.* (Ord. Nos. 15198; 15919) (Emphasis added)

In its Points of Error Nos. 1 and 4, appellant complains that this section of the ordinance is unconstitutional because it deprives him of his right to due process of law.

Addressing this question in *Traylor v. City of Amarillo, Texas,* 492 F.2d 1156 (5th Cir.1974), the Fifth Circuit found that a similar ordinance did not violate the due process clause. In *Traylor,* the Court stated:

Where the control is reasonable and the actions otherwise accord procedural fairness, we do not believe that the United States Constitution requires that a judicial determination precede demolition of property found to be a nuisance.

In that case, the City demolished Traylor's property without compensation. Traylor argued that demolition, prior to judicial determination that the property is indeed a nuisance, violated his constitutional guarantee of due process. The Court noted and agreed with the district court's conclusion that the challenged ordinances were a legitimate and compelling exercise of the city's police power and also found that adequate procedural safeguards in the notices, hearings, and opportunities for compliance were provided by the ordinances.

■ In the case before us, the ordinance does not violate the due process clause of the United States Constitution. Appellant's pleadings indicate that it received a notice of violation from the Board, a notice of a hearing date on the alleged violation (at which hearing it appeared), and notice of the agency's order of demolition. Appellant appealed this finding to the district court which reviewed the Board's findings. The ordinance provides for notices, hear-

ings, and opportunity for compliance. The ordinance provides that the findings are appealable to the district court thereby providing for the availability of a judicial determination. Cedar Crest # 10, Inc. has availed itself of these procedural safeguards and has been afforded due process.

For the same reasons, the ordinance does not violate TEX. CONST. art. I, sec. 19 which recites: "No citizen of this State shall be deprived of ... property ... except by the due course of the law of the land."

■ Further, appellant argues that the ordinance is invalid because it mandates the use of the substantial evidence rule as a standard for review thereby preventing a judicial determination of the alleged nuisance and cites as authority for this proposition *City of Houston v. Lurie,* 148 Tex. 391, 224 S.W.2d 871 (1949). In *Lurie,* the ordinance provided that if the owner failed to comply with the order of the city council, the city attorney shall "file suit in the proper court against such owner and obtain the necessary orders and process of said court to enforce the orders of the city council." The City sued Lurie to enforce the orders of its council. Based upon a preponderance of the evidence standard, the jury found that the two buildings in question were nuisances, one of which could be repaired to bring it into compliance with the city code. On motion, the trial court disregarded the finding that one building was repairable and entered its judgment finding both buildings to be nuisances and ordered their demolition. The Texas Supreme Court reversed the judgment of the trial court holding that the special issues submitted were not supported by the allegations in the City's petition and remanded the cause. In its petition for writ of error to the Supreme Court, the City urged the court to reinstate the trial court's judgment urging that the court should have rendered judgment for the City without submitting the case to the jury or, alternatively, instructed a verdict for the City because substantial evidence was offered and admitted at trial in the district court which reasonably supported the findings of the city council declaring the buildings to be serious fire hazards not subject to repair.

In answer to the City's plea for application of the substantial evidence rule, the Court stated:

Certainly we would not be justified in applying the substantial evidence rule to this case when there is nothing in the statutes, including the home rule enabling act, or in the city's charter or in the city's ordinance, expressing an intention that the suit be tried under that rule.

However, contrary to the ordinance in *Lurie,* Section 27–9(e) clearly provides that the standard of review shall be the substantial evidence rule. In its discussion of judicial determination of a public nuisance, the Court, in *Lurie,* relied upon its decisions of *Crossman v. City of Galveston,* 112 Tex. 303, 247 S.W. 810 (1923), and *City of Texarkana v. Reagan,* 112 Tex. 317, 247 S.W. 816 (1923). However, these cases examined ordinances providing for abatement of public nuisances with no provision for judicial review. Unlike *Lurie, Crossman,* and *Reagan,* the ordinance before us provides for a judicial determination and prescribes the standard to be used.

Appellant's first and fourth points are overruled.

■ In appellant's Points of Error Nos. 2 and 3, it complains that there was no evidence to support the findings of the Board and that there was no trial on the merits on the appeal before the trial court.

There is no statement of facts in this case. Appellant would use this lack of a record as proof of no evidence and no trial on the merits. We disagree.

In *Byrd v. Texas Department of Human Resources,* 673 S.W.2d 640 (Tex.App. —San Antonio 1984, no writ), the court stated:

When the court in its judgment finds generally for one of the parties, but no specific findings of fact and conclusions of law are requested and none are filed, and no statement of facts is brought forward on appeal, there exists little basis for review, save in a situation where

there is fundamental error, or where the court exceeds its jurisdiction in rendering the decree at all. In such a situation, the appellate court presumes that the judgment was supported by evidence offered upon the issues raised by the pleadings or tried by express or implied consent. 4 R. McDONALD, TEXAS CIVIL PRACTICE IN DISTRICT AND COUNTY COURTS sec. 16.10(a) (rev. 1971); see *Guthrie v. National Homes Corp.*, 394 S.W.2d 494, 495 (Tex.1965); *Lane v. Fair Stores, Inc.*, 150 Tex. 566, 571, 243 S.W.2d 683, 685 (1951); *Commercial Credit Corp. v. Smith*, 143 Tex. 612, 616, 187 S.W.2d 363, 365 (1945); *Woodward v. Higdon*, 643 S.W.2d 470, 471 (Tex.Civ.App.—Waco 1982, writ ref'd n.r.e.).

The judgment recites that the trial court heard the arguments of counsel, considered briefs, and, applying the substantial evidence rule, affirmed the decision of the Board. Because of the foregoing presumptions and recitation in the judgment, we overrule appellant's second and third points of error.

■ In its last point of error, appellant urges that the City of Dallas is judicially estopped and bound by the opinion in *Joe Bailey d/b/a General Rental Company et al v. City of Dallas*, No. 05–83–209–CV (Tex.App.—Dallas, March 22, 1984) (unpublished), which holds that the apartment building at 1168 Diceman Avenue is not a nuisance.

Joe Bailey is the majority owner of the appellant corporation in this case. In *Bailey*, the City alleged this same building to be a nuisance pursuant to DALLAS, TEX., REV.CITY CODE ch. 16 (1960), the Dallas City Fire Code. In the case on appeal, the City filed a motion to stay the trial court pending a final decision in *Bailey*. In its motion, the City alleged that the question of nuisance as to this property was being answered in *Bailey* and that the final determination would have a binding effect on the trial court.

Appellant urges that because the property was found not to be a nuisance in *Bailey*, the City is judicially estopped to claim the building is a nuisance in this case, since the City has asserted in its pleadings that the trial court would be bound by the determination in *Bailey*. See *Long v. Knox*, 155 Tex. 581, 291 S.W.2d 292 (1956); *State v. Knapp*, 740 S.W.2d 809 (Tex.App.—El Paso 1987), *cause dism'd on joint motion*, 742 S.W.2d 279 (Tex.1987); *LaChance v. McKown*, 649 S.W.2d 658 (Tex.App.—Texarkana 1983, writ ref'd n.r.e.). We disagree.

Judicial estoppel does not apply. The City did not assert a position in *Bailey* contrary to the position it takes in the present case. Rather, the City continues to assert the same position that the building is a nuisance. The City filed a motion to stay for simple judicial economy. Had the building been found to be a nuisance and abated in *Bailey*, it would have been unnecessary to proceed under the present case. Therefore, the City's assertion that the building was a nuisance under Chapter 16 (which was ruled invalid) does not judicially estop the City from asserting the building is a nuisance under Chapter 27. Appellant's last point of error is overruled.

The judgment of the trial court is affirmed.