

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-07-303-CV

JAYANTI PATEL                                                        APPELLANT

V.

CITY OF EVERMAN                                                       APPELLEE

------------

## FROM THE 352ND DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. INTRODUCTION

Appellant Jayanti Patel appeals the trial court's granting Appellee City of

Everman's (the City) no-evidence and traditional summary judgment motions.

In six issues, Patel contends that the City failed to attach evidence to its motion

for traditional summary judgment; that under the "law of the case" doctrine this

---

[1] *See* Tex. R. App. P. 47.4.

court is compelled to reverse the trial court's judgment; that the trial court erred by determining that Patel was collaterally estopped from bringing this suit by nonsuiting his previous case against the City; and that the City, in its motion for no-evidence summary judgment, failed to specifically state the elements for which it alleged that there was no evidence. We will affirm.

## II. FACTUAL AND PROCEDURAL BACKGROUND

This litigation, an inverse condemnation action, is the continuation of controversies that began in 1997 between Patel and the City. Patel and the City have engaged in disputes over Patel's buildings before administrative agencies, the district court, the Tyler Court of Appeals, federal court, and now this court. *See Patel v. City of Everman*, 179 S.W.3d 1, 8 (Tex. App.—Tyler 2004, pet. denied); *see also Patel v. City of Everman*, No. 4:07-CV-010-A, 2007 WL 1159688, *1 (N.D. Tex. 2007) (not reported in F. Supp. 2d).

In 1990, Patel purchased twenty apartment buildings in the Willow Woods complex in Everman, Texas, for $1,200,000.00. In October 1995, the City requested that Patel board up two of his buildings that were vacant. Patel complied, and further, boarded up other unrented units to, allegedly, exclude vagrants and prevent crime and vandalism.

In April 1997, Patel received notice that the City intended to demolish fifteen of his buildings because their doors and windows had been boarded up

2

for more than six months. Afterwards, Patel attended a meeting of the Everman Planning and Zoning Commission (the Commission) concerning the proposed demolition of his buildings and informed the Commission that he was unaware of the ordinance prohibiting boarding windows and doors for more than a six-month period. At the conclusion of the meeting, the Commission voted to recommend to the Everman City Council that fifteen of Patel's buildings be demolished.

In July 1997, Patel filed suit seeking an injunction against the City. Ultimately, the trial court entered an agreed order, signed by and agreed to by all parties, requiring Patel to bring all fifteen apartment buildings into compliance with all city codes by February 9, 1998. On February 20, 1998, Killebrew, a City Code Enforcement Officer, inspected all twenty of Patel's properties. Killebrew then sent Patel a notice of substandard building as well as separate inspection reports on each of his properties.

On March 5, 1998, the City held a public hearing regarding the twenty properties. The City's board voted unanimously to demolish all twenty buildings. Patel filed another suit seeking to enjoin the City from demolishing the buildings on April 3, 1998. In that suit, Patel moved the district court to issue a writ of certiorari to be directed to the City's Building Board of Appeals

3

to review its decision to demolish his properties. Patel later nonsuited this suit on July 23, 1999.

Patel then filed suit in federal court on November 29, 1999, claiming various causes of action, including takings under both the federal and State constitutions, equal protection violations, substantive and procedural due process violations, and race discrimination. The federal court dismissed Patel's equal protection, substantive due process, and race discrimination claims with prejudice. The federal court dismissed Patel's remaining claims without prejudice.

Patel next filed the current action on July 31, 2000, alleging claims of unconstitutional takings pursuant to article 1 section 17 of the Texas Constitution. The City filed a motion for summary judgment, which the trial court granted. Patel appealed to the Tyler Court of Appeals. *See Patel*, 179 S.W.3d at 4.

The Tyler Court of Appeals affirmed the judgment as to Patel's claims related to the demolition by the City of fifteen of Patel's buildings and remanded as to the other buildings.[2] *Patel*,179 S.W.3d at 18. The Tyler Court of Appeals

---

[2] The Tyler Court of Appeals only remanded as to four of Patel's properties located at 403 Lee Street, 410 Race Street, 405 King Street, and 403 King Street—the buildings that were demolished but not subject to the agreed order. *See Patel*, 179 S.W.3d at 18. The Tyler Court of Appeals did

4

reasoned that Patel had consented to the demolition of the fifteen buildings, but they remanded the case back to the trial court, concluding that Patel's deposition testimony raised fact issues regarding the existence of violations of the City's building ordinances to the remaining buildings. *Id.*

After remand, the City filed an October 28, 2006 eighth amended answer, which responded to the allegations made by Patel against the City in his sixth amended original petition as to the five buildings affected by the Tyler Court of Appeals's remand. In its new pleading, the City raised defenses predicated on provisions of Chapter 4 of the City's code and Chapter 214 of the Texas Local Government Code. In response, Patel filed his "Seventh Amended & Supplemental Petition" on December 29, 2006. His prayer for relief again was based on his inverse condemnation claim, but this time he added in support of that claim reliance on the Fifth and Fourteenth Amendments to the United States Constitution.

The City then filed for removal to federal court on January 4, 2007, claiming that now that Patel had asserted federal takings and due process violations, the federal court had jurisdiction over the entire suit, even the State law claims, under 28 U.S.C. section 1367(a). *Patel*, 2007 WL 1159688, at *2.

_____

not address Patel's building located at 314 Race Street, which was not demolished.

The United States District Court for the Northern District of Texas held that none of Patel's federal law theories was ripe and that the court lacked subject matter jurisdiction over all claims, both State and federal. *Id.* at 3.

On July 26, 2007, the trial court held a hearing concerning the City's second motion for summary judgment. The City's motion contained both a no-evidence and a traditional summary judgment. In its no-evidence summary judgment, the City argued that there was no evidence to support Patel's takings claims regarding his properties located at "302 and 314 Race Street." The City's traditional summary judgment argued that Patel's suit was an improper collateral attack on the ruling of the Building Board of Appeals, and is barred by principles of res judicata. The trial court granted the City's motion and ordered that Patel take nothing. This appeal followed.

### III. LAW OF THE CASE DOCTRINE

In his second issue, Patel argues that the City's traditional motion for summary judgment is predicated on issues in this case previously disposed of by the Tyler Court of Appeals and the Supreme Court of Texas. *See Patel*, 179 S.W.3d at 8. Patel argues that because the Tyler Court of Appeals has established the "law of the case" for the issue now on appeal to this court, we are bound by the law of the case, and it dictates we reverse and remand "for disposition on Patel's takings claims." We disagree.

6

The "law of the case" doctrine is the principle that questions of law decided on appeal to a court of last resort will govern the case throughout its subsequent stages. *Loram Maint. of Way, Inc. v. Ianni*, 210 S.W.3d 593, 596 (Tex. 2006); *Briscoe v. Goodmark Corp.*, 102 S.W.3d 714, 716 (Tex. 2003). By narrowing the issues in successive stages of the litigation, the law of the case doctrine is intended to achieve uniformity of decision as well as judicial economy and efficiency. *Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex. 1986). The doctrine is based on public policy and is aimed at ending litigation. *Id*.

But a decision rendered on an issue before the appellate court does not absolutely bar reconsideration of the same issue on a second appeal. *Briscoe*, 102 S.W.3d at 716 (citing *Kempner v. Huddleston*, 90 Tex. 182, 37 S.W. 1066, 1066–67 (1896)). Indeed, the decision to revisit a previous holding is left to the discretion of the court under the particular circumstances of each case. *City of Houston v. Jackson*, 192 S.W.3d 764, 769 (Tex. 2006). And although a court considering a subsequent appeal should ordinarily be bound by a prior decision in the same case, the court will not be bound by the law of the case if there is a substantial change of issues or fact in the retrial. *Wohlfahrt v. Holloway*, 172 S.W.3d 630, 638 n.9 (Tex. App.—Houston [14th Dist.] 2005, pet. denied), *cert. denied*, 549 U.S. 1052 (2006). Furthermore, the

7

doctrine has limited application following a summary judgment appeal. *Hudson*, 711 S.W.2d at 630–31. Thus, the law of the case doctrine in no way prevents this court from considering legal questions that are properly before us for the first time. *See Briscoe*, 102 S.W.3d at 716.

Patel argues that the Tyler Court of Appeals has already addressed the three arguments on which the City's traditional motion for summary judgment is based, namely, res judicata, collateral estoppel, and consent.[3] Patel further argues that the supreme court's denial of the City's petition from the Tyler Court of Appeals's decision reinforces that the law of the case has now been established, and that it should govern this subsequent stage in that same litigation.

The City argues that the Tyler Court of Appeals's is not a "court of last resort" for purposes of applying the doctrine to this case, that the supreme court's denial of the City's previous petition is not indicative of the supreme court's position on the law set forth in the Tyler Court of Appeals decision, and that the grounds asserted in the motion on which this appeal is predicated were

---

[3] The City did not plead these claims in its motion for summary judgment that was granted by the trial court and reviewed by the Tyler Court of Appeals. *See Patel*, 179 S.W.3d at 8. They were included in the City's motion for rehearing concerning the Tyler Court of Appeals decision. The Tyler Court of Appeals denied the City's motion.

8

never stated in the prior motion that the Tyler Court of Appeals reviewed and denied.

We agree with the City that the denial or dismissal of a petition by our supreme court does not give any indication of its opinion on the merits of an issue. *See* Tex. R. App. P. 56.1(b)(1); *Matthews Constr. Co., Inc. v. Rosen*, 796 S.W.2d 692, 694 n.2 (Tex. 1990); *see also Trevino v. Turcotte*, 564 S.W.2d 682, 685 (Tex. 1978) (holding that a court of appeals' conclusion was not binding under the "law of the case" doctrine when the petitioner's first writ of error was denied as "writ refused, no reversible error"). We also agree with the City that the Tyler Court of Appeals's opinion did not address the same issues that this court now considers, despite this being the same litigation.

The Tyler Court of Appeals held that there was a fact question "with regard to the existence of [substandard building] violations" and that, when construing Patel's pleadings liberally, the trial court had improperly applied a two-year statute of limitation for the "damaging" of property, rather than a ten-year statute of limitation regarding a general takings claim. *See, e.g., Waddy v. City of Houston*, 834 S.W.2d 97, 102 (Tex. App.—Houston [1st Dist.] 1992, writ denied). Nothing in the Tyler Court of Appeals' decision pertains to the ground on which the motion that underlies this appeal is predicated—Chapter 214 of the Texas Local Government Code's limited judicial review provisions.

9

Recognizing the discretionary nature of the doctrine and concluding that Patel's takings claim has substantially changed in the City's most recent motion for summary judgment, we decline to apply the law of the case doctrine and hold also that the doctrine is inapplicable to this appeal. Thus, we overrule Patel's second issue.

## IV. BUILDINGS AFFECTED BY THE TRIAL COURT'S JUDGMENT

In his fifth issue, Patel argues that if this court holds that the Tyler Court of Appeals' opinion is not controlling under the law of the case doctrine, then the trial court erred in granting summary judgment as to all twenty buildings. And, Patel argues, because the City's motion for traditional summary judgment only referenced the four buildings located at 403 Lee Street, 410 Race Street, 405 King Street, and 403 King Street, this court should reverse and remand as to the remaining buildings, except the building at 314 Race Street.[4] We disagree.

An amended pleading supersedes and supplants all previous pleadings. *See* Tex. R. Civ. P. 65; *see also FKM P'ship, Ltd. v. Bd. of Regents of Univ. of*

---

[4] The City specifically addressed the buildings located at 403 Lee Street, 410 Race Street, 405 King Street, and 403 King Street in its second traditional summary judgment motion. The City addressed 314 Race Street in its no-evidence motion for summary judgment. Both of these motions were contained within the City's second motion for summary judgment.

10

*Houston Sys.*, 255 S.W.3d 619, 633 (Tex. 2008) (holding that amended pleadings condemning a "smaller tract . . . [of land] effected a voluntary dismissal of the [plaintiff's earlier] claim as to that part of the larger tract not included in the amended pleading.")

In this case, it was Patel, through his seventh amended petition—the live pleadings at the time of the trial court's decision to grant the City's second motion for summary judgment—that narrowed the "land subject of [this] suit" to 403 Lee Street, 410 Race Street, 405 King Street, 403 King Street, and 314 Race Street. Thus, it was Patel who effected a voluntary dismissal of the remaining fifteen buildings. *See id.* We overrule Patel's fifth issue.

## V. TRADITIONAL SUMMARY JUDGMENT

In his first, third, and fourth issues, Patel argues that the trial court erred by granting the City's traditional summary judgment motion.

### 1. Standard of Review

A defendant is entitled to summary judgment on an affirmative defense if the defendant conclusively proves all the elements of the affirmative defense. *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999); *see* Tex. R. Civ. P. 166a(b), (c). To accomplish this, the defendant-movant must present summary judgment evidence that establishes each element of the affirmative defense as a matter of law. *Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 121

(Tex. 1996). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004).

When a trial court's order granting summary judgment does not specify the ground or grounds relied on for its ruling, summary judgment will be affirmed on appeal if any of the theories presented to the trial court and preserved for appellate review are meritorious. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003); *Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995).

### 2. Evidence Attached to Motion

In his first issue, Patel argues that the trial court erred in granting the City's traditional motion for summary judgment because the City failed to attach any evidence to the motion. Patel specifically argues that even though the City attached an appendix containing all relevant evidence to its first amended motion for summary judgment, the trial court erred in considering this evidence because the first motion was "superseded by [The City's] Second Motion for Summary Judgment." Thus, Patel argues, the appendix attached to

12

the first motion could not have served as evidence to support the trial court's ruling on the City's second motion. We disagree.

Texas Rule of Civil Procedure 166a(c) reads that "judgment sought shall be rendered . . . if [the evidence] *on file at the time of the hearing* . . . [demonstrates that] the moving party is entitled to judgment as a matter of law." Tex. R. Civ. P. 166a(c) (emphasis added). Nothing in rule 166a(c) requires evidence to be physically attached to the motion. *See id*.; *see also R.I.O. Sys., Inc. v. Union Carbide Corp.*, 780 S.W.2d 489, 492 (Tex. App.—Corpus Christi 1989, writ denied) (holding that it was proper for trial court to consider previously filed summary judgment evidence even though no evidence was attached to the later summary judgment motion the trial court ruled on). A party, in its motion or response, may rely on summary judgment evidence on file, provided that the motion or response expressly and specifically identifies the supporting evidence on file. *See Kotzur v. Kelly*, 791 S.W.2d 254, 257 (Tex. App.—Corpus Christi 1990, no writ) (noting that a party must expressly and specifically identify the supporting evidence "on file" that it seeks to have considered by the trial court); *see also Steinkamp v. Caremark*, 3 S.W.3d 191, 194–95 (Tex. App.—El Paso 1999, pet. denied) (holing that nonmovant responding to no-evidence motion for summary judgment could rely on evidence already "on file" with trial court attached to opposing party's prior

13

motion by referencing that evidence).  In this case, the City complied with these general rules.

Attached to the City's first amended motion for summary judgment was an appendix containing the evidence relied on by the City in support of its second motion.  The City's second motion for summary judgment, the motion underlying this appeal, specifically states that evidence relied on was the same as that attached to the City's first motion.  The City's second motion for summary judgment also contains appendix page references to the appendix attached to its first motion.  Thus, the motion made specific references to evidence already "on file" with the trial court.  We hold that the trial court did not err by relying on the previously filed evidence and overrule Patel's first issue.

### 3.    Patel's Inverse Condemnation Claim and Collateral Estoppel

In his third and fourth issues, Patel argues that the trial court erred in granting the City's motion for traditional summary judgment because Chapter 214 of the Texas Government Code does not apply to takings claims and thus it was improper for the trial court to find that Patel's previously non-suited appeal from the Board's determination collaterally estopped him from pursuing this suit.  In this issue, Patel argues that chapter 214 does not apply to his claims; that chapter 214's limiting judicial review of claims to a thirty-day

14

appeal is improper; that the City's ordinance does not recite the judicial review provisions of chapter 214; and that the determination of what constitutes a nuisance is to be made by a judge or jury, thus, the application of substantial evidence review to the Board's determination is improper.

### a. Takings and the Substantial Evidence Rule

Property owners have the right to judicial review of acts by administrative bodies that affect the constitutional right which prohibits the taking of private property for public use without just compensation. Tex. Const. art. 1, § 17; *City of Houston v. Blackbird*, 394 S.W.2d 159, 161–62 (Tex. 1965). This right, however, is not necessarily the right to a full-blown de novo trial and can be statutorily limited. *See Blackbird*, 394 S.W.2d at 163. City ordinances that provide for judicial review of administrative determinations that buildings constitute a public nuisance or otherwise provide for their demolition can mandate the substantial evidence standard of review. *Cedar Crest #10, Inc. v. City of Dallas*, 754 S.W.2d 351, 353 (Tex. App.—Eastland, 1988, writ denied); *see also Bates v. City of Beaumont*, 241 S.W.3d 924, 929 (Tex. App.—Beaumont 2007, no pet.). The statute that enables cities to pass such ordinances is Texas Local Government Code chapter 214. *See* Tex. Loc. Gov't Code Ann. § 214.001(a) (Vernon 2008); *see also Nussbaum v. City of Dallas*, 948 S.W.2d 305, 308 (Tex. App.—Dallas 1996, no writ). When a city

15

ordinance is based on this statute, and the ordinance does not specifically define judicial procedures, the procedural gaps are filled in by section 214.0012. *See* Tex. Loc. Gov't Code Ann. § 214.0012; *Nussbaum*, 948 S.W.2d at 308 (reasoning that although a city's ordinance did not state which party had the burden of bringing administrative record to the reviewing court hearing, the procedural gaps would be filled in by 214.0012 because chapter 214 enabled the city to promulgate the ordinance). Section 214.0012 provides that an aggrieved property owner "may file in district court a verified petition setting forth that [a city board's] decision is illegal, in whole or in part, and specifying the grounds of the illegality." Tex. Loc. Gov't Code Ann. § 214.0012. The aggrieved party must file the petition within thirty days of receiving proper notification of the municipality's determination or "such decision shall become final," and that determination is to be reviewed "under the substantial evidence rule." *Id.*; *see also Bates*, 241 S.W.3d at 927 (acknowledging thirty-day period prescribed by section 214.0012 applicable to building owner's filing suit challenging city's decision to demolish building under city's ordinance). We conclude and hold that the City's substandard building ordinance was enacted pursuant to chapter 214 of the Texas Local Government Code and that its judicial review provisions apply to Patel's claims.

### b. Collateral Estoppel

The City argued in its traditional summary judgment that Patel was attempting to collaterally attack the orders of the Board's decision. We agree. To invoke the doctrine of collateral estoppel, a party must establish that (1) the facts sought to be litigated in the first action were fully and fairly litigated in the prior action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action. *El Paso Natural Gas Co. v. Berryman*, 858 S.W.2d 362, 364 (Tex. 1993) (per curiam). The City raised collateral estoppel as an affirmative defense to Patel's claims; therefore, the City must conclusively prove all the elements of the defense as a matter of law to establish their entitlement to summary judgment. *See Ryland Group,* 924 S.W.2d at 121. The applicability of collateral estoppel to a particular judgment is a question of law. *Martin v. U.S. Trust Co. of N.Y.*, 690 S.W.2d 300, 307 (Tex. App.—Dallas 1985, writ ref'd n.r.e.). The doctrine of collateral estoppel promotes judicial efficiency and prevents inconsistent judgments by precluding the relitigation of any ultimate fact issue previously litigated even when the subsequent suit brings a different cause of action. *Williams v. City of Dallas*, 53 S.W.3d 780, 785 (Tex. App.—Dallas 2001, no pet.) (citing *Tex. Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 579 (Tex. 2001)).

On April 3, 1998, within thirty days of his receipt of the demolition orders, Patel filed suit, seeking to enjoin the City from demolishing his buildings and seeking judicial review of the Board's decision to do so by writ of certiorari. By doing so, Patel was complying with the applicable standards prescribed by Texas Local Government Code 214.0012. *See* Tex. Loc. Gov't Code Ann. § 214.0012. But Patel nonsuited that suit on July 23, 1999. Having nonsuited his direct attack on the ruling of the Board regarding his buildings, and not having otherwise sought judicial review of the Board's order within the thirty-day period prescribed by section 214.0012, Patel is collaterally estopped from now bringing this suit. *See Ramirez v. Texas State Bd. of Medical Examiners*, 99 S.W.3d 860, 863 (Tex. App.—Austin 2003, pet denied) (holding that physician who did not seek judicial review under applicable administrative remedies was "barred by the doctrine of res judicata and collateral estoppel from litigating this matter once again"). We hold that the trial court did not err in granting the City's traditional summary judgment under the doctrine of collateral estoppel and overrule Patel's third and fourth issues.

## VI. NO-EVIDENCE SUMMARY JUDGMENT

In his sixth issue, Patel argues that the trial court erred in granting the City's no-evidence motion for summary judgment. In this argument, Patel does not dispute that he did not file a response to the City's motion; rather, he

18

argues that the City failed to comply with the requirements with rule 166a(i). Specifically, Patel complains that the City did not specifically state the elements "to which there [was] allegedly no evidence."

After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support an essential element of the nonmovant's claim or defense. Tex. R. Civ. P. 166a(i). The motion must specifically state the elements for which there is no evidence. *Id.*; *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 207 (Tex. 2002). The trial court must grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact. *See* Tex. R. Civ. P. 166a(i) & cmt.; *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002).

The City argues that Patel did not object to the trial court's granting the no-evidence summary judgment on the grounds that its motion was not sufficiently specific. Thus, the City argues, Patel has not preserved this issue for review. *See* Tex.R. Civ. P. 166a(i). Furthermore, the City argues that the motion sufficiently specified the elements for which there was no evidence.

We assume, without deciding, that Patel preserved this issue for our review. *See McGrath v. FSI Holdings, Inc.*, 246 S.W.3d 796, 805 (Tex.

App.—Dallas 2008, pet. denied) (reasoning that no exception or objection is necessary at trial court level to preserve issue that no-evidence summary judgment motion fails to comply with specificity requirement of Rule 166a(i)); *compare Williams v. Bank One, Tex., N.A.*, 15 S.W.3d 110, 117 (Tex. App.—Waco 1999, no pet.) (holding that appellant failed to preserve error because appellant failed to object to the form of no-evidence summary judgment motion).

When a party urges that its no-evidence summary judgment motion be granted on the ground that "there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial," the motion "must state the elements as to which there is no evidence." Tex. R. Civ. P. 166a(i). Here, the City alleged in its no-evidence motion as follows:

> In order to recover under Article I, Section 17, Plaintiff must prove: (1) the government's intentional acts (2) resulted in a taking of the plaintiff's property (3) for public use. In this case, there is no evidence of an intentional act by Defendant . . . no evidence of taking, damaging or destruction of the property, and no evidence that any alleged taking was for public use. [Citations omitted.]

In other words, the City specifically identified Patel's claims and the challenged elements for which Patel presented no evidence. *See Nelson v. Regions Mortgage, Inc.*, 170 S.W.3d 858, 861–62 (Tex. App.—Dallas 2005,

20

no pet.) (holding that "by specifically identifying each challenged element," the party's no-evidence summary judgment motion complied with the requirements of rule 166a(i)); *Baker v. Gregg County*, 33 S.W.3d 72, 77 (Tex. App.—Texarkana 2000, pet. dism'd) (holding that motion for no-evidence summary judgment in action by employee for age discrimination, retaliatory discharge, and constitutional violations was not defective where motion listed employee's claims and stated elements that were lacking in each). Accordingly, we hold that the City's no-evidence summary judgment motion was not defective and overrule Patel's sixth issue.

## VII. CONCLUSION

Having overruled Patel's six issues, we affirm the trial court's judgment.

DIXON W. HOLMAN
JUSTICE

PANEL: GARDNER and WALKER, JJ.; and DIXON W. HOLMAN (Senior Justice, Retired, Sitting by Assignment).

DELIVERED: April 2, 2009

21