COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-07-303-CV

 

 

JAYANTI
PATEL                                                                  APPELLANT

 

                                                   V.

 

CITY
OF EVERMAN                                                                APPELLEE

 

                                              ------------

 

           FROM THE 352ND
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

                                          I.  INTRODUCTION








Appellant Jayanti Patel appeals the trial court=s
granting Appellee City of Everman=s (the
City) no-evidence and traditional summary judgment motions.  In six issues, Patel contends that the City
failed to attach evidence to its motion for traditional summary judgment; that
under the Alaw of the case@
doctrine this court is compelled to reverse the trial court=s
judgment; that the trial court erred by determining that Patel was collaterally
estopped from bringing this suit by nonsuiting his previous case against the
City; and that the City, in its motion for no-evidence summary judgment, failed
to specifically state the elements for which it alleged that there was no
evidence.  We will affirm.

                          II.  FACTUAL AND PROCEDURAL BACKGROUND

This litigation, an inverse condemnation action,
is the continuation of controversies that began in 1997 between Patel and the
City.  Patel and the City have engaged in
disputes over Patel=s buildings before
administrative agencies, the district court, the Tyler Court of Appeals,
federal court, and now this court.  See
Patel v. City of Everman, 179 S.W.3d 1, 8 (Tex. App.CTyler
2004, pet. denied); see also Patel v. City of Everman, No. 4:07-CV-010-A,
2007 WL 1159688, *1 (N.D. Tex. 2007) (not reported in F. Supp. 2d).

In 1990, Patel purchased twenty apartment
buildings in the Willow Woods complex in Everman, Texas, for
$1,200,000.00.  In October 1995, the City
requested that Patel board up two of his buildings that were vacant.  Patel complied, and further, boarded up other
unrented units to, allegedly, exclude vagrants and prevent crime and vandalism.








In April 1997, Patel received notice that the
City intended to demolish fifteen of his buildings because their doors and
windows had been boarded up for more than six months.  Afterwards, Patel attended a meeting of the
Everman Planning and Zoning Commission (the Commission) concerning the proposed
demolition of his buildings and informed the Commission that he was unaware of
the ordinance prohibiting boarding windows and doors for more than a six‑month
period.  At the conclusion of the
meeting, the Commission voted to recommend to the Everman City Council that
fifteen of Patel=s buildings be demolished.

In July 1997, Patel filed suit seeking an
injunction against the City.  Ultimately,
the trial court entered an agreed order, signed by and agreed to by all
parties, requiring Patel to bring all fifteen apartment buildings into
compliance with all city codes by February 9, 1998.  On February 20, 1998, Killebrew, a City Code
Enforcement Officer, inspected all twenty of Patel=s
properties.  Killebrew then sent Patel a
notice of substandard building as well as separate inspection reports on each
of his properties.








On March 5, 1998, the City held a public hearing
regarding the twenty properties.  The
City=s board
voted unanimously to demolish all twenty buildings.  Patel filed another suit seeking to enjoin
the City from demolishing the buildings on April 3, 1998.  In that suit, Patel moved the district court
to issue a writ of certiorari to be directed to the City=s
Building Board of Appeals to review its decision to demolish his
properties.  Patel later nonsuited this
suit on July 23, 1999.

Patel then filed suit in federal court on
November 29, 1999, claiming various causes of action, including takings under
both the federal and State constitutions, equal protection violations,
substantive and procedural due process violations, and race
discrimination.  The federal court
dismissed Patel=s equal protection, substantive
due process, and race discrimination claims with prejudice.  The federal court dismissed Patel=s
remaining claims without prejudice.

Patel next filed the current action on July 31,
2000, alleging claims of unconstitutional takings pursuant to article 1 section
17 of the Texas Constitution.  The City
filed a motion for summary judgment, which the trial court granted.  Patel appealed to the Tyler Court of
Appeals.  See Patel, 179 S.W.3d at
4.








The Tyler Court of Appeals affirmed the judgment
as to Patel=s claims related to the
demolition by the City of fifteen of Patel=s
buildings and remanded as to the other buildings.[2]  Patel,179 S.W.3d at 18.  The Tyler Court of Appeals reasoned that
Patel had consented to the demolition of the fifteen buildings, but they
remanded the case back to the trial court, concluding that Patel=s
deposition testimony raised fact issues regarding the existence of violations
of the City=s building ordinances to the
remaining buildings.  Id.

After remand, the City filed an October 28, 2006
eighth amended answer, which responded to the allegations made by Patel against
the City in his sixth amended original petition as to the five buildings
affected by the Tyler Court of Appeals=s
remand.  In its new pleading, the City
raised defenses predicated on provisions of Chapter 4 of the City=s code
and Chapter 214 of the Texas Local Government Code.  In response, Patel filed his ASeventh
Amended & Supplemental Petition@ on
December 29, 2006.  His prayer for relief
again was based on his inverse condemnation claim, but this time he added in
support of that claim reliance on the Fifth and Fourteenth Amendments to the
United States Constitution.








The City then filed for removal to federal court
on January 4, 2007, claiming that now that Patel had asserted federal takings
and due process violations, the federal court had jurisdiction over the entire
suit, even the State law claims, under 28 U.S.C. section 1367(a).  Patel, 2007 WL 1159688, at *2.  The United States District Court for the
Northern District of Texas held that none of Patel=s
federal law theories was ripe and that the court lacked subject matter
jurisdiction over all claims, both State and federal.  Id. at 3.

On July 26, 2007, the trial court held a hearing
concerning the City=s second motion for summary
judgment.  The City=s motion
contained both a no-evidence and a traditional summary judgment.  In its no-evidence summary judgment, the City
argued that there was no evidence to support Patel=s
takings claims regarding his properties located at A302 and
314 Race Street.@ 
The City=s traditional summary judgment
argued that Patel=s suit was an improper
collateral attack on the ruling of the Building Board of Appeals, and is barred
by principles of res judicata.  The trial
court granted the City=s motion and ordered that Patel
take nothing.  This appeal followed.

                                 III.  LAW OF THE CASE DOCTRINE

In his second issue, Patel argues that the City=s
traditional motion for summary judgment is predicated on issues in this case previously
disposed of by the Tyler Court of Appeals and the Supreme Court of Texas.  See Patel, 179 S.W.3d at 8.  Patel argues that because the Tyler Court of
Appeals has established the Alaw of
the case@ for the
issue now on appeal to this court, we are bound by the law of the case, and it
dictates we reverse and remand Afor
disposition on Patel=s takings claims.@  We disagree.








The Alaw of
the case@
doctrine is the principle that questions of law decided on appeal to a court of
last resort will govern the case throughout its subsequent stages.  Loram Maint. of Way, Inc. v. Ianni,
210 S.W.3d 593, 596 (Tex. 2006); Briscoe v. Goodmark Corp., 102 S.W.3d
714, 716 (Tex. 2003).  By narrowing the
issues in successive stages of the litigation, the law of the case doctrine is
intended to achieve uniformity of decision as well as judicial economy and
efficiency.  Hudson v. Wakefield,
711 S.W.2d 628, 630 (Tex. 1986).  The
doctrine is based on public policy and is aimed at ending litigation.  Id.








But a decision rendered on an issue before the
appellate court does not absolutely bar reconsideration of the same issue on a
second appeal.  Briscoe, 102
S.W.3d at 716 (citing Kempner v. Huddleston, 90 Tex. 182, 37 S.W. 1066,
1066B67
(1896)).  Indeed, the decision to revisit
a previous holding is left to the discretion of the court under the particular
circumstances of each case.  City of
Houston v. Jackson, 192 S.W.3d 764, 769 (Tex. 2006).  And although a court considering a subsequent
appeal should ordinarily be bound by a prior decision in the same case, the
court will not be bound by the law of the case if there is a substantial change
of issues or fact in the retrial.  Wohlfahrt
v. Holloway, 172 S.W.3d 630, 638 n.9 (Tex. App.CHouston
[14th Dist.] 2005, pet. denied), cert. denied, 549 U.S. 1052
(2006).  Furthermore, the doctrine has
limited application following a summary judgment appeal.  Hudson, 711 S.W.2d at 630B31.  Thus, the law of the case doctrine in no way
prevents this court from considering legal questions that are properly before
us for the first time.  See Briscoe,
102 S.W.3d at 716.

Patel argues that the Tyler Court of Appeals has
already addressed the three arguments on which the City=s
traditional motion for summary judgment is based, namely, res judicata,
collateral estoppel, and consent.[3]  Patel further argues that the supreme court=s denial
of the City=s petition from the Tyler Court
of Appeals=s decision reinforces that the
law of the case has now been established, and that it should govern this
subsequent stage in that same litigation.








The City argues that the Tyler Court of Appeals=s is not
a Acourt of
last resort@ for purposes of applying the
doctrine to this case, that the supreme court=s denial
of the City=s previous petition is not
indicative of the supreme court=s
position on the law set forth in the Tyler Court of Appeals decision, and that
the grounds asserted in the motion on which this appeal is predicated were
never stated in the prior motion that the Tyler Court of Appeals reviewed and
denied.

We agree with the City that the denial or
dismissal of a petition by our supreme court does not give any indication of
its opinion on the merits of an issue.  See
Tex. R. App. P. 56.1(b)(1); Matthews Constr. Co., Inc. v. Rosen, 796
S.W.2d 692, 694 n.2 (Tex. 1990); see also Trevino v. Turcotte,
564 S.W.2d 682, 685 (Tex. 1978) (holding that a court of appeals=
conclusion was not binding under the Alaw of
the case@
doctrine when the petitioner=s first
writ of error was denied as Awrit
refused, no reversible error@).  We also agree with the City that the Tyler
Court of Appeals=s opinion did not address the
same issues that this court now considers, despite this being the same
litigation.








The Tyler Court of Appeals held that there was a
fact question Awith regard to the existence of
[substandard building] violations@ and
that, when construing Patel=s
pleadings liberally, the trial court had improperly applied a two-year statute
of limitation for the Adamaging@ of
property, rather than a ten-year statute of limitation regarding a general takings
claim.  See, e.g., Waddy v. City of
Houston, 834 S.W.2d 97, 102 (Tex. App.CHouston
[1st Dist.] 1992, writ denied).  Nothing
in the Tyler Court of Appeals=
decision pertains to the ground on which the motion that underlies this appeal
is predicatedCChapter 214 of the Texas Local
Government Code=s limited judicial review
provisions.  Recognizing the discretionary
nature of the doctrine and concluding that Patel=s
takings claim has substantially changed in the City=s most
recent motion for summary judgment, we decline to apply the law of the case
doctrine and hold also that the doctrine is inapplicable to this appeal.  Thus, we overrule Patel=s second
issue.

                 IV.  BUILDINGS AFFECTED
BY THE TRIAL COURT=S JUDGMENT

In his fifth issue, Patel argues that if this
court holds that the Tyler Court of Appeals= opinion
is not controlling under the law of the case doctrine, then the trial court
erred in granting summary judgment as to all twenty buildings.  And, Patel argues, because the City=s motion
for traditional summary judgment only referenced the four buildings located at
403 Lee Street, 410 Race Street, 405 King Street, and 403 King Street, this
court should reverse and remand as to the remaining buildings, except the
building at 314 Race Street.[4]  We disagree.








An amended pleading supersedes and supplants all
previous pleadings.  See Tex. R.
Civ. P. 65; see also FKM P=ship,
Ltd. v. Bd. of Regents of Univ. of Houston Sys., 255
S.W.3d 619, 633 (Tex. 2008) (holding that amended pleadings condemning a Asmaller
tract . . . [of land] effected a voluntary dismissal of the
[plaintiff=s earlier] claim as to that part
of the larger tract not included in the amended pleading.@)

In this case, it was Patel, through his seventh
amended petitionCthe live pleadings at the time
of the trial court=s decision to grant the City=s second
motion for summary judgmentCthat
narrowed the Aland subject of [this] suit@ to 403
Lee Street, 410 Race Street, 405 King Street, 403 King Street, and 314 Race
Street.  Thus, it was Patel who effected
a voluntary dismissal of the remaining fifteen buildings.  See id.  We overrule Patel=s fifth
issue.

                             V.  TRADITIONAL SUMMARY JUDGMENT

In his first, third, and fourth issues, Patel
argues that the trial court erred by granting the City=s
traditional summary judgment motion.

1.     Standard
of Review








A defendant is entitled to summary judgment on an
affirmative defense if the defendant conclusively proves all the elements of
the affirmative defense.  Rhone-Poulenc,
Inc. v. Steel, 997 S.W.2d 217, 223 (Tex. 1999); see Tex. R. Civ. P.
166a(b), (c).  To accomplish this, the
defendant-movant must present summary judgment evidence that establishes each
element of the affirmative defense as a matter of law.  Ryland Group, Inc. v. Hood, 924 S.W.2d
120, 121 (Tex. 1996).  When reviewing a
summary judgment, we take as true all evidence favorable to the nonmovant, and
we indulge every reasonable inference and resolve any doubts in the nonmovant=s
favor.  IHS Cedars Treatment Ctr. of
DeSoto, Tex., Inc. v. Mason, 143 S.W.3d 794, 798 (Tex. 2004).

When a trial court=s order
granting summary judgment does not specify the ground or grounds relied on for
its ruling, summary judgment will be affirmed on appeal if any of the theories
presented to the trial court and preserved for appellate review are
meritorious.  Provident Life &
Accident Ins. Co. v. Knott, 128 S.W.3d 211, 216 (Tex. 2003); Star-Telegram,
Inc. v. Doe, 915 S.W.2d 471, 473 (Tex. 1995). 

2.     Evidence
Attached to Motion








In his first issue, Patel argues that the trial
court erred in granting the City=s
traditional motion for summary judgment because the City failed to attach any
evidence to the motion.  Patel
specifically argues that even though the City attached an appendix containing
all relevant evidence to its first amended motion for summary judgment, the
trial court erred in considering this evidence because the first motion was Asuperseded
by [The City=s] Second Motion for Summary Judgment.@  Thus, Patel argues, the appendix attached to
the first motion could not have served as evidence to support the trial court=s ruling
on the City=s second motion.  We disagree.








Texas Rule of Civil Procedure 166a(c) reads that Ajudgment
sought shall be rendered . . . if [the evidence] on file
at the time of the hearing . . . [demonstrates that] the moving
party is entitled to judgment as a matter of law.@  Tex. R. Civ. P. 166a(c) (emphasis
added).  Nothing in rule 166a(c) requires
evidence to be physically attached to the motion.  See id.; see also R.I.O.
Sys., Inc. v. Union Carbide Corp., 780 S.W.2d 489, 492 (Tex. App.CCorpus
Christi 1989, writ denied) (holding that it was proper for trial court to
consider previously filed summary judgment evidence even though no evidence was
attached to the later summary judgment motion the trial court ruled on).  A party, in its motion or response, may rely
on summary judgment evidence on file, provided that the motion or response
expressly and specifically identifies the supporting evidence on file.  See Kotzur v. Kelly, 791 S.W.2d 254,
257 (Tex. App.CCorpus Christi 1990, no writ)
(noting that a party must expressly and specifically identify the supporting
evidence Aon file@ that it
seeks to have considered by the trial court); see also Steinkamp v. Caremark,
3 S.W.3d 191, 194B95 (Tex. App.CEl Paso
1999, pet. denied) (holing that nonmovant responding to no-evidence motion for
summary judgment could rely on evidence already Aon file@ with
trial court attached to opposing party=s prior
motion by referencing that evidence).  In
this case, the City complied with these general rules.

Attached to the City=s first
amended motion for summary judgment was an appendix containing the evidence
relied on by the City in support of its second motion.  The City=s second
motion for summary judgment, the motion underlying this appeal, specifically
states that evidence relied on was the same as that attached to the City=s first
motion.  The City=s second
motion for summary judgment also contains appendix page references to the
appendix attached to its first motion. 
Thus, the motion made specific references to evidence already Aon file@ with
the trial court.  We hold that the trial
court did not err by relying on the previously filed evidence and overrule
Patel=s first
issue.

3.     Patel=s
Inverse Condemnation Claim and Collateral Estoppel








In his third and fourth issues, Patel argues that
the trial court erred in granting the City=s motion
for traditional summary judgment because Chapter 214 of the Texas Government
Code does not apply to takings claims and thus it was improper for the trial
court to find that Patel=s previously non-suited appeal
from the Board=s determination collaterally
estopped him from pursuing this suit.  In
this issue, Patel argues that chapter 214 does not apply to his claims; that
chapter 214's limiting judicial review of claims to a thirty-day appeal is
improper; that the City=s ordinance does not recite the
judicial review provisions of chapter 214; and that the determination of what
constitutes a nuisance is to be made by a judge or jury, thus, the application
of substantial evidence review to the Board=s
determination is improper.

a.      Takings
and the Substantial Evidence Rule








Property owners have the right to judicial review
of acts by administrative bodies that affect the constitutional right which
prohibits the taking of private property for public use without just
compensation.  Tex. Const. art. 1, ' 17;
City of Houston v. Blackbird, 394 S.W.2d 159, 161B62 (Tex.
1965).  This right, however, is not
necessarily the right to a full-blown de novo trial and can be statutorily
limited.  See Blackbird, 394 S.W.2d
at 163.  City ordinances that provide for
judicial review of administrative determinations that buildings constitute a
public nuisance or otherwise provide for their demolition can mandate the
substantial evidence standard of review. 
Cedar Crest #10, Inc. v. City of Dallas, 754 S.W.2d 351, 353
(Tex. App.CEastland, 1988, writ denied); see
also Bates v. City of Beaumont, 241 S.W.3d 924, 929 (Tex. App.CBeaumont
2007, no pet.).  The statute that enables
cities to pass such ordinances is Texas Local Government Code chapter 214.  See Tex. Loc. Gov=t Code
Ann. ' 214.001(a)
(Vernon 2008); see also Nussbaum v. City of Dallas, 948 S.W.2d 305, 308
(Tex. App.CDallas 1996, no writ).  When a city ordinance is based on this
statute, and the ordinance does not specifically define judicial procedures,
the procedural gaps are filled in by section 214.0012.  See Tex. Loc. Gov=t Code
Ann. ' 214.0012;
Nussbaum, 948 S.W.2d at 308 (reasoning that although a city=s
ordinance did not state which party had the burden of bringing administrative
record to the reviewing court hearing, the procedural gaps would be filled in
by 214.0012 because chapter 214 enabled the city to promulgate the
ordinance).  Section 214.0012 provides
that an aggrieved property owner Amay file
in district court a verified petition setting forth that [a city board=s]
decision is illegal, in whole or in part, and specifying the grounds of the
illegality.@ 
Tex. Loc. Gov=t Code Ann. ' 214.0012.  The aggrieved party must file the petition
within thirty days of receiving proper notification of the municipality=s
determination or Asuch decision shall become
final,@ and
that determination is to be reviewed Aunder
the substantial evidence rule.@  Id.; see also Bates, 241 S.W.3d
at 927 (acknowledging thirty‑day period prescribed by section 214.0012
applicable to building owner=s filing
suit challenging city=s decision to demolish building
under city=s ordinance).  We conclude and hold that the City=s
substandard building ordinance was enacted pursuant to chapter 214 of the Texas
Local Government Code and that its judicial review provisions apply to Patel=s
claims.








b.     Collateral
Estoppel

The City argued in its traditional summary
judgment that Patel was attempting to collaterally attack the orders of the
Board=s
decision.  We agree.  To invoke the doctrine of collateral
estoppel, a party must establish that (1) the facts sought to be litigated in
the first action were fully and fairly litigated in the prior action; (2) those
facts were essential to the judgment in the first action; and (3) the parties
were cast as adversaries in the first action. 
El Paso Natural Gas Co. v. Berryman, 858 S.W.2d 362, 364 (Tex.
1993) (per curiam).  The City raised
collateral estoppel as an affirmative defense to Patel=s claims;
therefore, the City must conclusively prove all the elements of the defense as
a matter of law to establish their entitlement to summary judgment.  See Ryland Group, 924 S.W.2d at
121.  The applicability of collateral
estoppel to a particular judgment is a question of law.  Martin v. U.S. Trust Co. of N.Y., 690
S.W.2d 300, 307 (Tex. App.CDallas
1985, writ ref=d n.r.e.).  The doctrine of collateral estoppel promotes
judicial efficiency and prevents inconsistent judgments by precluding the
relitigation of any ultimate fact issue previously litigated even when the
subsequent suit brings a different cause of action.  Williams v. City of Dallas, 53 S.W.3d
780, 785 (Tex. App.CDallas 2001, no pet.) (citing
Tex. Dep=t of Pub. Safety v. Petta, 44
S.W.3d 575, 579 (Tex. 2001)).








On April 3, 1998, within thirty days of his
receipt of the demolition orders, Patel filed suit, seeking to enjoin the City
from demolishing his buildings and seeking judicial review of the Board=s
decision to do so by writ of certiorari. 
By doing so, Patel was complying with the applicable standards
prescribed by Texas Local Government Code 214.0012.  See Tex. Loc. Gov=t Code
Ann. ' 214.0012.  But Patel nonsuited that suit on July 23,
1999.  Having nonsuited his direct attack
on the ruling of the Board regarding his buildings, and not having otherwise
sought judicial review of the Board=s order
within the thirty-day period prescribed by section 214.0012, Patel is
collaterally estopped from now bringing this suit.  See Ramirez v. Texas State Bd. of Medical
Examiners, 99 S.W.3d 860, 863 (Tex. App.CAustin
2003, pet denied) (holding that physician who did not seek judicial review
under applicable administrative remedies was Abarred
by the doctrine of res judicata and collateral estoppel from litigating this
matter once again@).  We hold that the trial court did not err in
granting the City=s traditional summary judgment
under the doctrine of collateral estoppel and overrule Patel=s third
and fourth issues.

                             VI.  NO-EVIDENCE SUMMARY JUDGMENT








In his sixth issue, Patel argues that the trial
court erred in granting the City=s
no-evidence motion for summary judgment. 
In this argument, Patel does not dispute that he did not file a response
to the City=s motion; rather, he argues that
the City failed to comply with the requirements with rule 166a(i).  Specifically, Patel complains that the City
did not specifically state the elements Ato which
there [was] allegedly no evidence.@

After an adequate time for discovery, the party
without the burden of proof may, without presenting evidence, move for summary
judgment on the ground that there is no evidence to support an essential
element of the nonmovant=s claim or defense.  Tex. R. Civ. P. 166a(i).  The motion must specifically state the elements
for which there is no evidence.  Id.;
Johnson v. Brewer & Pritchard, P.C., 73 S.W.3d 193, 207 (Tex.
2002).  The trial court must grant the
motion unless the nonmovant produces summary judgment evidence that raises a
genuine issue of material fact.  See
Tex. R. Civ. P. 166a(i) & cmt.; Sw. Elec. Power Co. v. Grant, 73
S.W.3d 211, 215 (Tex. 2002).

The City argues that Patel did not object to the
trial court=s granting the no-evidence
summary judgment on the grounds that its motion was not sufficiently
specific.  Thus, the City argues, Patel
has not preserved this issue for review. 
See Tex.R. Civ. P. 166a(i). 
Furthermore, the City argues that the motion sufficiently specified the
elements for which there was no evidence.








We assume, without deciding, that Patel preserved
this issue for our review.  See
McGrath v. FSI Holdings, Inc., 246 S.W.3d 796, 805 (Tex. App.CDallas
2008, pet. denied) (reasoning that no exception or objection is necessary at
trial court level to preserve issue that no‑evidence summary judgment
motion fails to comply with specificity requirement of Rule 166a(i)); compare
Williams v. Bank One, Tex., N.A., 15 S.W.3d 110, 117 (Tex. App.CWaco
1999, no pet.) (holding that appellant failed to preserve error because
appellant failed to object to the form of no-evidence summary judgment motion).

When a party urges that its no‑evidence
summary judgment motion be granted on the ground that Athere is
no evidence of one or more essential elements of a claim or defense on which an
adverse party would have the burden of proof at trial,@ the
motion Amust
state the elements as to which there is no evidence.@  Tex. R. Civ. P. 166a(i).  Here, the City alleged in its no-evidence
motion as follows:

In order to recover under Article I, Section 17,
Plaintiff must prove: (1) the government=s
intentional acts (2) resulted in a taking of the plaintiff=s
property (3) for public use.  In this
case, there is no evidence of an intentional act by Defendant . . .
no evidence of taking, damaging or destruction of the property, and no evidence
that any alleged taking was for public use. [Citations omitted.]








In other words, the City specifically identified
Patel=s claims
and the challenged elements for which Patel presented no evidence.  See Nelson v. Regions Mortgage, Inc.,
170 S.W.3d 858, 861B62 (Tex. App.CDallas
2005, no pet.) (holding that Aby
specifically identifying each challenged element,@ the
party=s
no-evidence summary judgment motion complied with the requirements of rule
166a(i)); Baker v. Gregg County, 33 S.W.3d 72, 77 (Tex. App.CTexarkana
2000, pet. dism=d) (holding that motion for
no-evidence summary judgment in action by employee for age discrimination,
retaliatory discharge, and constitutional violations was not defective where
motion listed employee=s claims and stated elements
that were lacking in each).  Accordingly,
we hold that the City=s no‑evidence summary
judgment motion was not defective and overrule Patel=s sixth
issue.

                                          VII.  CONCLUSION

Having overruled Patel=s six
issues, we affirm the trial court=s
judgment.

 

DIXON
W. HOLMAN

JUSTICE

PANEL:  GARDNER and WALKER, JJ.; and DIXON W. HOLMAN
(Senior Justice, Retired, Sitting by Assignment).

 

DELIVERED: April 2, 2009











[1]See Tex. R. App. P. 47.4.





[2]The Tyler Court of
Appeals only remanded as to four of Patel=s properties located at 403 Lee Street, 410 Race
Street, 405 King Street, and 403 King StreetCthe buildings that were demolished but not
subject to the agreed order.  See
Patel, 179 S.W.3d at 18.  The Tyler
Court of Appeals did not address Patel=s building located at 314 Race Street, which was
not demolished.





[3]The City did not plead
these claims in its motion for summary judgment that was granted by the trial
court and reviewed by the Tyler Court of Appeals.  See Patel, 179 S.W.3d at 8.  They were included in the City=s motion for rehearing
concerning the Tyler Court of Appeals decision. 
The Tyler Court of Appeals denied the City=s motion.





[4]The City specifically
addressed the buildings located at 403 Lee Street, 410 Race Street, 405 King
Street, and 403 King Street in its second traditional summary judgment
motion.  The City addressed 314 Race
Street in its no-evidence motion for summary judgment.  Both of these motions were contained within
the City=s second motion for
summary judgment.